## Girton Sales Co., Inc. v. Lerew's Farm Market, Inc.

*Alvin J. Luschas,* for plaintiff.
*Leon P. Haller,* for defendant.

MYERS, *P.J.*, June 26, 1981—Plaintiff filed a complaint seeking payment for apple cider equipment which was purchased by defendant in accordance with a sales contract. Defendant then filed a counterclaim alleging that plaintiff had agreed to install the equipment by September 1, 1979, but that the equipment was not delivered until September 13, 1979. Defendant further claims that the equipment was not in operation until October 2, 1979. Accordingly, defendant seeks damages for lost profits and lost product.

Plaintiff in turn filed preliminary objections to the counterclaim. These preliminary objections are now before us for disposition.

Plaintiff's objections to the counterclaim are based upon a statement contained in the written agreement executed by the parties. The agreement, with its limiting statement is attached to defendant's counterclaim. The language of the statement reads as follows:

The seller does not itself warrant the merchantability or fitness for purpose of the specified equipment and/or products. Purchaser's remedies shall be limited to the warranties of the manufacturer. The seller shall not be liable for losses of product, material or business incidental to the installation or start-up of the specified equipment and/or products.

Plaintiff asserts that the foregoing language in the contract specifically precludes the relief sought in the counterclaim. However, the warranty limitation quoted above is inconsistent with, and directly contradicts, another contractual provision which states that the equipment "must be in operation before September 1st." That operational date becomes an express warranty by the plaintiff, if the

date forms a basis for the bargain between the parties: Uniform Commercial Code, §2313(a)(1).

The interpretation of express warranties and warranty limitations which are inconsistent with each other is governed by 13 Pa.C.S.A. §2316(a), which provides as follows:

"Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other; but subject to the provisions of this division on parol or extrinstic evidence (section 2202) negation or limitation is inoperative to the extent that such construction is unreasonable."

Whether the warranty limitation is unreasonable, or whether an express warranty as to operational date was in fact created, or whether the warranty limitation nullifies any express warranty as to operational date, are all questions of fact which properly lie within the province of the finders of fact. Plaintiff's demurrer is thus premature, and cannot be granted at this stage of the proceedings.

The contract between the parties also contains a clause which purports to limit defendant's remedies to "the warranties of the manufacturer." The applicability of this limitation again depends upon what is "reasonable" under the circumstances: 13 Pa.C.S.A. §2316. This determination must also be made by the finders of fact.

The incidental and consequential damages sought by defendant are all recoverable if the triers of fact find that plaintiff did create an express warranty, and that this warranty was subsequently breached, with resultant damage to defendant: R.I. Lampus Co. v. Neville Cement Products Co., 474 Pa. 199, 378 A. 2d 288 (1977). Hence, the propriety

of the damages sought by defendant must similarly await the outcome of the trial.

## ORDER

And now, June 26, 1981, plaintiff's preliminary objections to defendant's counterclaim are hereby denied. An answer or other pleading responsive to the counterclaim may be filed within 20 days of service of this order.